**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Dr. Sheikh Dukuly;                                  Case No.: 23-CV-03351 (ECT/ECW)
Sekou AM Dukuly;
Ashton Homes LLC; and
Berkeley Heights Homes LLC,

             Plaintiffs,                                  **RULE 26(f) REPORT**

v.

City of New Hope, Minnesota,

             Defendant.

---

The parties/counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules on November 9, 2023, and prepared the following report.

The initial pretrial conference is scheduled for _March 5, 2024_ at 2:00 p.m., before the United States Magistrate Judge Elizabeth Cowan Wright, by conference bridge.

## DESCRIPTION OF CASE

1.    Concise Factual Summary of Plaintiff's Claims:

Plaintiffs operated two assisted living facilities in New Hope pursuant to State licensure. Operating these facilities entailed leasing residential space to the residents. Through an ordinance (not condemnation proceedings), Defendant revoked the LLC Plaintiffs' rental permits, directed Plaintiffs to cease operations within 30 days, and prohibited either of the Dukuly Brothers from having any interest in any business entity which leases out residential real estate in City limits for a period of at least three years.

By prohibiting Plaintiffs from leasing the facility to their residents, the City deprived Plaintiffs of the complete economic value of the State licenses to operate the assisted living facilities. Acting reasonably to mitigate their damages, Plaintiffs sold the facilities to a third party at a combined loss of $2,000,000 from a recent appraisal. Plaintiffs assert a takings clause violation and, pursuant to 42 USC § 1983, seek an order of monetary damages. Alternatively, pursuant to State law, Plaintiffs seek an injunction which directs Defendant to institute proper condemnation proceedings.

2.      Concise Factual Summary of Defendant's claims/defenses:

Plaintiffs have correctly set forth that this matter involves the revocation of Plaintiffs' rental permits (effectively licenses) to two group homes operated by Plaintiffs. The revocations occurred after multiple violations of the rental permit ordinance and hearings on the same.

As set forth in the Answer and its attached exhibits, we have previously litigated this same fact pattern with the same Plaintiffs and same attorney in Minnesota state court. In addressing the propriety of the then challenged licensing decisions, the state court upheld the City's decisions. Plaintiffs brought a takings claim in that litigation but filed it in a procedurally incorrect manner so it was dismissed without prejudice. Rather than re-filing in state court, Plaintiffs have now brought their takings claim in federal court.

The questions at this juncture are—(1) as a matter of law, did a taking occur; and (2) if, so, what are the damages. There is no taking as a matter of law because as already concluded by a Minnesota state court, the City had a legitimate and proper interest in protecting the health and safety of the community when it revoked Plaintiffs' rental licenses. Further, the non-transferrable, non-assignable rental licenses were always subject to revocation and thus are revocable licenses, not protected property interests subject to taking.

The City believes that it has the right and obligation to enforce the protection of the health, safety, and welfare of both the citizens of the community and the inhabitants of the rental properties, and it did exactly that in revoking Plaintiffs' rental licenses where Plaintiffs were not properly managing their rental properties to prevent these harms leading to over 130 calls for service to these properties in a single year. For all of these reasons and additional reasons set forth in state and federal case law, there is no protected property interest in a rental license and no takings claim lies.

Even if a valid takings claim is found in this matter, the damages are not those as claimed by Plaintiffs. Damages are limited to the fair market value before and after the regulatory action of the property taken. The damages claimed are far in excess of the fair market value of the properties at issue based upon available public records. For this and other reasons, the extent of damages awardable is denied.

3.      Statement of Jurisdiction (including statutory citations):

Plaintiff asserts jurisdiction under 28 U.S.C. §§ 1331, 1343.

2

4.      Summary of Factual Stipulations or Agreements:

N/A

5.      Statement of whether jury trial has been timely demanded by any party:

Plaintiff timely demanded a jury trial.

6.      Statement as to whether all processes has been served, all pleadings filed, and any plan for any party to amend pleadings or add additional parties to the action:

Process has been served and pleadings have been filed.

7.      If applicable, a list of all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured:

Plaintiff has no applicable insurance policies.

Defendant City of New Hope is a member of the League of Minnesota Cities Insurance Trust with a covenant.

8.      If the parties would like the case resolved under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, a statement of the parties' agreement to that effect:

Not Applicable.

## **DISCOVERY**

Pursuant to Fed. R. Civ. P. 26(f), the parties must prepare a discovery plan that is designed to maximize the efficiency of pretrial case preparation. The parties must review and address each of the matters set forth in Fed. R. Civ. P. 26(f)(3)(A)-(F) and design a discovery plan that is appropriate and proportionate to the case. The Court expects counsel and parties to cooperate in the development and implementation of the discovery plan.

The details of the discovery plan should be set forth in this Report. The following discovery schedule and limitations are intended to guide the parties and should be useful in the ordinary case; however, the parties are encouraged to reach agreement on, and suggest to the Court, a discovery plan that takes into account the unique circumstances of the individual case. To the extent the parties cannot reach agreement on any particular item, they should set forth their separate positions in this section so that they can be discussed at the Pretrial Conference.

The parties agree to electronic service of discovery in this matter.

## FACT DISCOVERY

Having conferred about the unique needs of this case, and mindful of the goal of efficiency, the parties recommend that the Court establish the following fact discovery deadlines and limitations:

1. The parties must make their initial disclosures required by Fed. R. Civ. P. 26(a)(1) on or before June 28, 2024. If the parties plan to disclose documents by a description by category and location of documents, they will exchange copies of initial disclosure documents on or before July 12, 2024.

2. Fact discovery procedures shall be commenced in time to be completed on or before December 13, 2024.  The parties will discuss whether a date for the substantial production of documents should be set within the fact-discovery period to facilitate the taking of depositions.

3. The parties **do not** believe that discovery should be conducted in phases or limited to or focused on certain issues or certain sources before others. (If so, describe.)

4. The parties have discussed the scope of discovery, including relevance and proportionality, and propose that the Court limit the use and numbers of discovery procedures as follows:

   a. No more than a total of 50 interrogatories, counted in accordance with Rule 33(a), shall be served by each side[1];

   b. No more than 50 document requests shall be served by each side. The parties understand that objections to document requests must meet the requirements of amended Rule 34(b)(2)(B). If the responding party is producing copies of documents or copies of electronically stored information and the copies are not produced with the responses, another reasonable time must be specified in the response.  If the requesting party disagrees that this is reasonable, the parties must meet and confer to agree on the timetable for production.

---

[1] The parties shall discuss and include in this section whether the proposed limitations should be per side or per party, along with definitions of those terms if needed. They shall also discuss and include whether any of the limitations should refer to the number of requests served *by* a particular party or side or *on* a particular party or side.

c.   No more than <u>50</u> requests for admissions shall be served by each side. The parties have discussed a protocol for the authentication of documents and agree on the following:  the City Clerk or counsel will certify documents ordinarily held in the course and scope of the operations of the City of Hopkins.  A representative of Plaintiff will do the same.

5.   No Rule 35 Medical Examinations shall be taken.

6.   No more than <u>10</u> factual depositions, excluding expert witness depositions shall be taken by either side;

7.   That each side will be permitted one 30(b)(6) deposition at which they may present as many officer(s) as necessary to respond to the categorized questions.

Where appropriate, the parties are encouraged to discuss possible additional agreements concerning limitations on the number and/or length of depositions, procedures for noticing and taking Rule 30(b)(6) depositions, the arrangements that may be needed for depositions taken outside the U.S. and/or in a language other than English, and other issues that, if addressed early, could make deposition discovery more cost-effective and avoid costly and time-consuming disputes.

The parties have reached the following additional agreements concerning the taking of depositions: All depositions will be taken in Hopkins, remotely, or another mutually agreeable location.

8.   The parties have agreed upon the following additional limitations on discovery procedures: <u>Defendant will be taking the position that depositions of the elected city officials in this matter are not proper, instead inquiry into the legislative intent is limited by way of interrogatory.</u>

9.   Other discovery issues:

a) Discovery of Electronically Stored Information. The parties have discussed issues about preservation, disclosure, production, or discovery of electronically stored information, as required by Fed. R. Civ. P. 26(f), and request the Court to include the following agreement in the scheduling order:

The primary ESI in this matter is in the form of audio/video recordings of relevant City Council meetings.

As for emails, any demands for the production of emails will be made in the form of a Boolean search to either party that is limited in scope in accordance with the rules of discovery pertaining to relevancy and proportionality. The answering party will advise the requesting party of the number of responsive emails, the estimated cost and time associated with the required review and production of the email set, and whether it will agree to voluntarily produce the complete email set subject to the objections noted below.

Emails and any other data to be produced will be reviewed for relevancy and produced in searchable .pdf form (except as noted below) subject to counsel review prior to production for relevancy, application of Minnesota Data Practices Act, trade secret, privilege, or other appropriate objection prior to production. Production in any other form, e.g. single .tiff images, will be undertaken at the expense of the demanding party.

Metadata in this matter is generally irrelevant. If metadata is determined to be relevant; or, if certain data is best produced in its native format (e.g. audio recordings), then data may be produced in native format or a reasonable, minimal expense alternative format (e.g. a print screen image of the properties for a word document). Again, where a party demands production of data in a form that is more expensive than the manner in which the data is produced, the demanding party is responsible for the expense.

For any deleted text messages, submission of the devices used for forensic imaging will be permitted upon a showing that the deleted messages are probative. Thereafter, text messages will be subject to counsel review prior to production for relevancy, trade secret, privilege, or other appropriate objection prior to production.

The City intends to produce as part of the land use record any and all audio/video recordings in a standard format useable by both parties such as a .wav file. In addition, the City intends to work with a court reporter to have the relevant portions of meetings transcribed and the transcripts made part of the land use record.

Redactions will be made to the face of the document. The reason for any redaction will be set forth within the redacted .pdf and on the face of the document. Where an entire document is withheld, a privilege log will be prepared and produced.

It is not believed that text messages are at issue in this matter. However, if they are, they will be produced by means of screen capture and in a .pdf format where feasible.

6

The parties propose that for any discovery disputes that arise, the court first address those discovery disputes through a telephone conference then proceed with formal hearings and submissions thereafter, if necessary.

[**NOTE:** If it appears there will be significant electronic discovery, the parties shall jointly submit a proposed ESI Protocol, identifying any terms on which the parties disagree so they can be discussed in connection with the pretrial conference. The Court refers counsel to "Discussion of Electronic Discovery at Rule 26(f) Conferences: A Guide for Practitioners," developed by the Federal Practice Committee, to help attorneys and parties prepare for a meaningful discussion of electronic discovery issues early in the litigation. The Guide is available on the Court's website under the Court Forms tab, in the "Pretrial, Discovery, and Trial Forms" section. The parties are also reminded that the proposed ESI Protocol and a proposed order that includes the terms of the proposed ESI Protocol must be filed on CM/ECF and a Word version of the proposed order must be e-mailed to the chambers e-mail box.]

b) Claims of Privilege or Protection. The parties have discussed issues about claims of privilege and of protection as attorney work-product or trial preparation materials, as required by Fed. R. Civ. P. 26(f), including whether the parties agree to a procedure to assert these claims after production, or have reached any other agreements under Fed. R. Evid. 502, and **do** request the Court to include the following agreement in the scheduling order or as part of a protective order:

> The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material. Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents in this or any other federal or state proceeding.

If the parties do not agree to the foregoing language, and/or have reached other or additional agreements concerning the process for handling privileged or work product information that is produced in discovery and wish them to be incorporated into the Pretrial Scheduling Order, those agreements should be set forth here:

> The parties further agree and request the Court to include the following agreement in the scheduling order: Unless otherwise ordered, the parties are not obligated to include on their privilege logs

documents, communications, or other materials that came into existence on or after the date that Plaintiffs' complaint was filed in this action or routine correspondence with counsel engaged in this matter. <u>If the reason for redaction of data is not stated on the face of a document,</u> privilege logs must be provided by the producing party within <u>30</u> days of the production from which documents were withheld.

## EXPERT DISCOVERY

The parties anticipate that they **will** require expert witnesses at the time of trial, and propose that the Court establish the following plan for expert discovery:

1. The Plaintiff anticipates calling <u>2</u> (number) experts in the fields of:

   The Defendant anticipates calling <u>2</u> (number) experts in the fields of: Real estate and forensic accounting.

2. Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B) (accompanied by the written report prepared and signed by the expert witness) and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

   a. The identity of any expert who Plaintiff may call to testify at trial and the written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) and/or the disclosure required by Fed. R. Civ. P. 26(a)(2)(C) must be served on or before <u>January 10, 2025</u>.

   b. The identity of any expert who Defendant may call to testify at trial and the written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) and/or the disclosure required by Fed. R. Civ. P. 26(a)(2)(C) must be served on or before <u>March 14, 2025</u>.

   c. Rebuttal Experts

      i. The identity of any expert who may testify in rebuttal to any initial expert must be disclosed on or before <u>April 11, 2025</u>.

      ii. Any rebuttal expert's written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before <u>April 11, 2025</u>.

3.  Expert discovery, including depositions, shall be completed by <u>May16, 2025</u>.

## NON-DISPOSITIVE MOTION DEADLINES

The parties propose the following deadlines for filing non-dispositive motions:

1.  Except as provided in paragraph 4 below, all motions that seek to amend the pleadings or to add parties must be filed and served on or before <u>August 9, 2024</u>.

2.  All motions that seek to amend the pleadings to include punitive damages, if applicable, must be filed and served on or before <u>November 8, 2024</u>.

3.  Except as provided in paragraph 4 below, all non-dispositive motions and supporting documents, including those that relate to fact discovery, shall be filed and served on or before <u>January 10, 2025</u>. [**NOTE:** Absent unusual circumstances, this date should be between one and two weeks following the close of fact discovery.]

4.  All non-dispositive motions and supporting documents that relate to expert discovery shall be filed and served on or before <u>May 30, 2025</u>. [**NOTE:** Absent unusual circumstances, this date should be between one and two weeks following the close of expert discovery.]

5.  The parties agree that a party should be required to request an informal conference with the Court before filing any discovery motion.

    Before moving for an order relating to discovery, the movant must request a conference with the Court by calling Theresa Anderson, Judicial Assistant to Magistrate Judge Cowan Wright, at 651-848-1890.

## PROTECTIVE ORDER

If either party believes a Protective Order is necessary, the parties shall jointly submit a proposed Protective Order, identifying any terms on which the parties disagree so they can be discussed in connection with the pretrial conference. [**NOTE:** The Court has recently revised its suggested protective order form and the parties are encouraged to consult that form in preparing a proposed protective order for entry by the Court (***http://www.mnd.uscourts.gov/local_rules/forms/Stipulation-for-Protective-Order-Form.pdf*** or ***http://www.mnd.uscourts.gov/local_rules/forms/Stipulation-for-Protective-Order-Form.docx***).] No protective order may include language purporting to obligate the Court or the office of the Clerk of Court to destroy or return confidential documents to the

parties after the conclusion of the case. The parties are also reminded that their Stipulation for Protective Order must be filed on CM/ECF and a Word version of the document must be e-mailed to the chambers e-mail box.

The absence of a protective order entered by the Court will not be a basis for withholding discovery or disclosures. If any document or information responsive to discovery served in this case is deemed confidential by the producing party and the parties are waiting for the Court to enter a protective order, the document shall be marked "Confidential" or with some other Confidential designation (such as "Confidential - Outside Attorneys Eyes Only") by the producing party and disclosure of the Confidential document or information shall be limited to each party's outside attorney(s) of record and the employees of such outside attorney(s). After the Court enters a protective order, such documents and information shall be treated in accordance with the protective order.

## DISPOSITIVE MOTION DEADLINES

The parties **do** believe that expert discovery must be completed before dispositive motions are filed. The parties recommend that all dispositive motions be filed and served (and heard, depending on District Judge assigned) on or before July 11, 2025.

## SETTLEMENT

1.  The parties must conduct a meaningful discussion about possible settlement before the initial pretrial conference, including a written demand by the Plaintiff(s) and a written response by each Defendant. The parties must also discuss whether private mediation or an early settlement conference with the Court (or another form of alternative dispute resolution) would be productive and, if so, when it should occur and what discovery, if any, would be necessary to conduct before such a conference.

    The results of that discussion, including any proposals or recommendations, are as follows: The parties have discussed that settlement discussions would likely not be productive until after dispositive motion practice, but will abide by any forthcoming orders for a settlement conference.

2.  Each party will email to Magistrate Judge Wright's chambers, no later than **one (1) week before** the pretrial conference, a confidential letter of no more than three (3) pages, setting forth what settlement discussions have taken place, whether the party believes an early settlement conference would be productive, what discovery each party believes is necessary before an early settlement conference can take place and any additional, confidential information about the party's interest in settlement or possible settlement proposals as may be of assistance to Magistrate Judge Wright in planning or

furthering early settlement efforts. [**NOTE:** This confidential letter should not advance arguments or positions on issues that may come before Magistrate Judge Wright for ruling.]

3.      The Court will discuss this topic with the parties at the pretrial conference and will set a date for an early settlement conference or for a status conference to determine when the case will be ready for a productive settlement conference.

## **TRIAL**

1.      Trial by Magistrate Judge:

The parties **have not** agreed to consent to jurisdiction by the Magistrate Judge pursuant to Title 28, United States Code, Section 636(c). (If the parties agree, the consent form, signed by both parties, should be filed with the Clerk of Court.) Please note that if the parties consent to magistrate judge jurisdiction, all proceedings, including trial by jury, if any, will be before the magistrate judge assigned to the case.

2.      The parties agree that this case will be ready for trial on <u>September 15, 2025</u>. The anticipated length of the **jury** trial is <u>8</u> days.

Dated: Approved by email
      on February 27, 2024

**Kezhaya Law PLC**

By: */s/ Matthew Kezhaya*
Matthew Kezhaya (#0402193)
150 South Fifth Street, Suite 1850
Minneapolis, MN 55402
Phone: (479) 431-6112
Facsimile: (612) 682-5277
Email: matt@kezhaya.law

**Attorney for Plaintiffs**

Dated: February 27, 2024

**Kennedy & Graven, Chartered**

By: */s/ Jessica E. Schwie*
Jessica E. Schwie (A.R. #0296880)
Joshua P. Devaney (A.R. #0398809)
700 Fifth Street Towers
150 South Fifth Street
Minneapolis, MN 55402
Telephone: (612) 337-9222
Facsimile: (612) 337-9310
Email: jschwie@kennedy-graven.com
      jdevaney@kennedy-graven.com

**Attorneys for Defendant City of New Hope**

12